IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA GRAY, | ) | Case No. 1:21-cv-0881 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE GRIMES |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

**I.     Introduction**

On April 28, 2021, Plaintiff Marsha Gray ("Gray"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  ECF Doc. 1.  The Court referred the case to Magistrate Judge William H. Baughman, Jr. for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).  The case was later reassigned to Magistrate Judge James E. Grimes Jr., who has recommended that the Court reverse the Commissioner's decision.  ECF Doc. 15.  The Commissioner's objection asserts that Magistrate Judge Grimes incorrectly applied the substantial evidence standard of review when reviewing the administrative law judge's ("ALJ") decision at step three of the five-step sequential analysis for determining a disability.  ECF Doc. 16-1.

The Court has reviewed Magistrate Judge Grimes's R&R, the Commissioner's objection and Plaintiff's response. ECF Doc. 17. If this Court were asked to reweigh *de novo* the evidence submitted to the Social Security Administration, it may very well have concurred with Magistrate Judge Grimes's recommendation. However, because substantial evidence supported the ALJ's decision finding only moderate limitations in the paragraph B criteria for Gray's mental disorder Listings, the Court must sustain the Commissioner's objections and reject the Magistrate Judge's recommendation. Accordingly, the Court **REJECTS** the R&R and **AFFIRMS** the ALJ's decision denying disability benefits to Gray.

## II. Background

The Commissioner does not dispute the findings of fact. Therefore, the Court adopts the findings of fact in Magistrate Judge Grimes's R&R. ECF Doc. 15. Of relevance here, Magistrate Judge Grimes made the following findings.

Gray was 43 years old at the onset of the alleged disability (November 25, 2016.) 16Program during school and dropped out at 15 after completing seventh grade. *Id*. at 349. She previously worked in food service, at a factory, and as a babysitter, but was unable to retain those jobs. *Id*. at 22, 26. Gray was last employed in 2019 when she worked for a temp agency, putting coupons into boxes. *Id*. at 410. She was fired after one month. Since 2016, Gray has been evaluated and treated by multiple professionals. Gray struggles with unresolved anger and getting along with others. *Id*. at 360. She often initiates conflict due to her inability to communicate effectively. *Id*.

In September 2019, Gray filed applications for Disability Insurance Benefits and Supplemental Security Income alleging a disability onset date of November 25, 2016. ECF Doc. 6 at 174-80, 181-6. Gray claimed she was disabled due to a learning disability, PTSD, depression,

severe cocaine and opioid use disorder, high blood pressure and asthma. *Id*. at 218. The Social Security Administration denied Gray's application and her motion for reconsideration. *Id*. at 62-63, 84-85. Gray appealed the decision and requested a hearing before an ALJ. *Id*. at 131. The ALJ issued a written decision finding Gray was not disabled. *Id*. at 15-29.

The ALJ found Gray was not disabled as defined in the Social Security Act. ECF Doc. 6 at 28. He concluded that Gray has multiple severe impairments: depressive disorders, PTSD, substance addiction disorders (drugs) and psychotic disorder. ECF Doc. 6 at 22. However, he found Gray's impairments, considered singly and in combination, did not meet or medically equal any impairment listed in Appendix 1 of the Regulations[1]. *Id*. at 25. The ALJ considered Listings: 12.03, Schizophrenia spectrum and other psychotic disorders; 12.04, Depressive, bipolar, and related disorders; and 12.15, Trauma and stressor-related disorders, and SSR 13-2p. *Id*. at 23.

The ALJ's decision became final on March 13, 2021, when the Social Security Appeals Council declined further review. *Id*. at 1-3. Gray filed this action in a timely manner on April 28, 2021. ECF Doc. 1.

### III. Law & Analysis

#### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires *de novo* review of those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate

---

[1] 20 CFR, Subpart A, Appendix 1

judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. See *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Eligibility for Social Security benefit payments depends on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). To determine whether an individual has a disability, a five-step sequential analysis is applied. 20 C.F.R. §§ 404.1520, 416.920. Because Gray argued only that the ALJ's findings concerning step three of the sequential analysis were not supported by

4

substantial evidence, Magistrate Judge Grimes limited his analysis to step three. This Court does the same.

At step three of the disability evaluation process, a claimant will be found disabled if her impairments meet or equal one of the listings in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). Gray argued, and the Magistrate Judge agreed, that the ALJ erred in his analysis of Listing 12.04, *Depressive, bipolar and related disorders*. ECF Doc. 11 at 3; ECF Doc. 15 at 18-22. Listing 12.04 contains three paragraphs—A, B, and C. To meet the Listing's severity level, a claimant must show that he meets: (1) the impairment-specific medical criteria in paragraph A; and (2) the functional limitations criteria in paragraph B or paragraph C. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A).

To prove paragraph A under Listing 12.04, the claimant must show medical documentation of depressive disorder, which is characterized by five or more of the following: (a) depressed mood; (b), diminished interest in almost all activities; (c) appetite disturbance with change in weight; (d) sleep disturbance, (e) observable psychomotor agitation or retardation; (f) decreased energy; (g) feelings of guilt or worthlessness; (h) difficulty concentrating or thinking; or (i) thoughts of death or suicide. 20 C.F.R. Part 404, Subpart P, Appendix 1.

The next step is to evaluate whether the claimant satisfied paragraph B criteria. To satisfy paragraph B, the claimant must show extreme limitation[2] of one or marked[3] limitation of two of the four areas of mental functioning:

      1) Understand, remember or apply information;
      2) Interact with others;
      3) Concentrate, persist or maintain pace and
      4) Adapt or manage oneself.

---

[2] An extreme limitation is the inability to function independently, appropriately, or effectively, and on a sustained basis.
[3] A marked limitation is a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.04 (2018).

Lastly, to satisfy Paragraph C of § 12.04 criteria, a claimant must show the mental disorder in this listing category is "serious and persistent," that the claimant has a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the signs and symptoms of the claimant's mental disorder (see 12.00G2b); and

2. Marginal adjustment, that is, the claimant has minimal capacity to adapt to changes in their environment or to demands that are not already part of their daily life (see 12.00G2c).

**B. Analysis**

As stated above, to satisfy Listing 12.04, a claimant must meet or equal the requirements in paragraphs A and B or paragraphs A and C.  See 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00A2. The Commissioner did not contest that Gray satisfied paragraph A, and Magistrate Judge Grimes recognized there was no dispute on that issue.  ECF Doc. 15 at 17. As to paragraph C criteria, the ALJ considered the evidence and found that Gray failed to establish paragraph C criteria.  ECF Doc. 6 at 24.  The ALJ explained that Gray has maintained the ability to handle activities of daily living independently and adjust to different living environments.  *Id*. at 24.  Gray did not contest the ALJ's finding as to paragraph C.  Thus, whether Gray's limitations met or medically equaled the criteria for Listing 12.04 came down to the paragraph B criteria.

To satisfy the paragraph B criteria, Gray needed to show at least one extreme or two marked limitations in the four areas of mental functioning under the 12.04 Listing.  However, the ALJ found Gray had only moderate limitations in all four areas of mental functioning.  ECF Doc. 6 at 19-20.  This precluded a finding that she met the paragraph B criteria.  Gray argued that the ALJ's

6

findings of only moderate limitations in the areas of "interacting with others" and "concentration, persistence, or maintaining pace" were not supported by substantial evidence.[4] She claimed that evidence on the record showed marked limitations for those two areas of functioning. ECF Doc. 11 at 5. The ALJ made the following findings regarding the two areas at issue:

> 2) Interacting with others (see 12.00E2):
>
> In interacting with others, the claimant has a moderate limitation. The claimant reported she does not have friends but tries to make friends and often becomes nervous when talking with others (Ex. B7F/9). She described a good relationship with her adult child, and she is able to leave the home unaccompanied, shop in stores, and ride the bus (Ex. B9F/3-5). The claimant noted to have good eye contact and normal, fluent speech on examination (Ex. B5F/6, B6F/8, 11, B7F/5, B9F/5, B10F/3, 8, B12F/8, 13, 18, B14F/4, 10, 15, 26). Therefore, I find that the claimant has moderate limitation in the ability to relate to and interact with others. Tr. 19.[5]
>
> 3) Concentrate, persist, or maintain pace (see 12.00E3):
>
> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. The claimant reported she could pay attention only for short periods. One examiner noted the claimant was easily distracted; however, during a psychological consultative evaluation, she did not appear to lose concentration (Ex. B5F/6, B9F/5). The claimant is able to manage personal care, cook, do laundry and household chores, handle finances, and shop in stores (Ex. B9F/4-5). She reported to enjoy listening to music and watching movies (Ex. B7F/9). Examinations generally indicated normal attention and concentration (Ex. B7F/5, B10F/4, B12F/9, 14, 19, B14F/5, 11, 16, 27). Accordingly, I find that the claimant has moderate limitation in the ability to focus attention and stay on task at a sustained rate. Tr. 19-20.

Magistrate Judge Grimes agreed with Gray and disagreed with the ALJ that Gray had more than moderate limitations in the functioning areas of "interact[ing] with others" and "concentrat[ing], persist[ing], or maintain[ing] pace." ECF Doc. 15 at 20, 22. Magistrate Judge Grimes relied on evidence identified by Gray, which supported more than moderate limitations in

---

[4] Gray did not challenge the ALJ's finding of moderate limitation in the areas of "Understand, remember or apply information" and "Adapt or manage oneself." Thus, it is unnecessary to evaluate these paragraph B criteria.
[5] The Transcript is at ECF Doc. 6.

the two categories. *Id,* See ECF Doc. 6 at 23, 43-45, 350, 352 360, 411. However, in doing so, Magistrate Judge Grimes appears to have weighed evidence and/or decided questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). This court is not permitted to do so. A reviewing court must affirm the ALJ's conclusions unless he or she failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir.2005). Here, Magistrate Judge Grimes did not find the Commissioner applied the wrong legal standard or that his factual findings were unsupported. Rather, he engaged in a review of Gray's testimony and treatment notes and found substantial evidence supporting a different outcome.

The ALJ found that in "interacting with others," Gray had only a moderate limitation. ECF Doc. 6 at 19. He cited facts from the record showing Gray had a good relationship with her son, was able to leave home unaccompanied, shopped in stores, rode the bus, had good eye contact and normal fluent speech. *Id*.

Regarding concentrating, persisting or maintaining pace, the ALJ found that Gray did not appear to lose concentration during evaluations and was able to manage personal care, cook, do laundry, household chores, handle finances and shop in stores. *Id*. He further noted that she enjoyed listening to music and watching movies. He also found that Gray's previous examinations indicated normal attention and concentration. *Id*.

The ALJ's findings were consistent with the state agency psychological consultants, who also opined that Gray had moderate limitations in all four categories of the B criteria. *Id*. at 89, 98. The ALJ was required to resolve potential conflicts between Gray's testimony and the balance of the record. *Id*. at 25. For example, even though Gray testified that she was afraid to leave her house and had trouble riding the bus, the state agency examiners' notes stated she *could* ride the

8

bus and did her own shopping. *Id*. at 82. These facts supported the ALJ's findings at step three of the sequential analysis. This Court also notes that the Sixth Circuit requires only minimal articulation at Step 3 of the sequential analysis. *Sielaff v. Comm'r of Soc. Sec.*, No. 1:10CV1571, 2012 WL 567614, at *2 (N.D. Ohio Feb. 21, 2012) (citing *Simpkins v. Astrue*, 2012 WL 274027, at *9 (S. D. Ohio Jan. 31, 2012)). Where the ALJ's decision as a whole articulates the basis for his conclusion, the decision may be affirmed. *Id.* (citing *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985).

In his R&R, Magistrate Judge Grimes found that "[w]hile the evidence cited by the ALJ could, in some instances, be sufficient evidence to support a moderate finding in the area interacting with others*,* that evidence is not sufficient in this case." ECF Doc. 15. at 19. Despite conceding that the evidence could support a moderate finding ("in some instances"), Magistrate Judge Grimes found that the ALJ's decision was not supported by substantial evidence. *Id.* In so finding, he relied on treatment notes from Gray's therapist noting that Gray struggled with unresolved anger, getting along in group sessions and had been discharged from group therapy three days early because of an incident with a peer. ECF Doc. 15 at 19, ECF Doc. 6 at 360. Magistrate Judge Grimes also disagreed with the ALJ's finding that Gray's relationship with her son and her ability to interact one-on-one with her therapist were relevant to her ability to interact with others in a work setting. ECF Doc. 15 at 20, ECF Doc. 6 at 360. He felt the ALJ should have assessed whether Gray's ability to interact with others improved with medication. After reweighing the evidence in this manner, Magistrate Judge Grimes found the ALJ's decision lacked substantial support.

Magistrate Judge Grimes did not point to any evidence directly conflicting with the ALJ's findings. Rather, he weighed the evidence differently and found Gray's limitations were more

9

than moderate. But even if substantial evidence supports Gray's disability claim, this Court cannot overturn the ALJ's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Because the ALJ cited substantial evidence supporting his conclusion, his decision must be affirmed. *Kyle*, 609 F.3d at 854-55; *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833.

Because the ALJ properly applied the relevant regulations and his conclusions were supported by substantial evidence, the Court must affirm the ALJ's decision. After conducting a *de novo* review of those portions of the R&R to which the Commissioner objected, the Court disagrees with Magistrate Judge Grimes's recommendation that the Commissioner's decision should be reversed and remanded.

### IV. Conclusion

For the foregoing reasons, the Court sustains the Commissioner's objections to the R&R. Because the Commissioner's decision to deny DIB and SSI was supported by substantial evidence, the Court rejects Magistrate Judge Grime's R&R, **AFFIRMS** the ALJ's decision and **DISMISSES** the case.

**IT IS SO ORDERED.**

Dated: December 1, 2022　　　　　　　　　　　　　*s/Dan Aaron Polster*
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge